# In re Anonymous Nos. 40 D.B. 00 and 80 D.B. 00

Disciplinary Board Docket nos. 40 D.B. 00 and 80 D.B. 00.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

RUDNITSKY, *Member,* September 24, 2001—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of

Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

On April 10, 2000, Office of Disciplinary Counsel, petitioner, filed a petition for discipline against [ ], respondent in these proceedings. The petition charged respondent with violations of Rules 203(b)(2) and 217(b), Pa.R.D.E., and Rules of Professional Conduct 8.4(d), 1.3, and 1.4(a). On June 13, 2000, petitioner filed an additional petition for discipline against respondent. That petition charged respondent with violating Rules of Professional Conduct 1.4(a), 1.5(b) and 1.16(d). On that same date, petitioner filed a motion to join petitions for discipline. By order of July 13, 2000, the Disciplinary Board granted petitioner's motion.

By notice dated August 16, 2000, the matter was scheduled for hearing before Hearing Committee [ ] on September 15, 2000. Respondent received notice by certified mail sent August 30, 2000. Respondent was personally served with the notice of hearing on September 8, 2000.

A disciplinary hearing was held on September 15, 2000, before Hearing Committee [ ] comprised of Chair [ ], Esquire, and Members [ ], Esquire, and [ ], Esquire. Petitioner was represented by [ ], Esquire. Respondent did not appear.

The committee filed a report on April 9, 2001 and concluded that respondent violated the rules as charged in

the petitions. The committee recommended that respondent be suspended for a period of one year and one day.

No briefs on exceptions were filed by the parties.

This matter was adjudicated by the Disciplinary Board at the meeting of May 23, 2001.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner, whose principal office is located at Suite 3710, One Oxford Centre, Pittsburgh, Pennsylvania, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and the duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent, born in 1956, was admitted to practice law in the Commonwealth of Pennsylvania in 1985, and his registration address is [ ]. Respondent is subject to the disciplinary jurisdiction of the Disciplinary Board of the Supreme Court of Pennsylvania.

(3) By Supreme Court order dated November 9, 1998, effective December 9, 1998, respondent was transferred to inactive status pursuant to Rule 219, Pa.R.D.E., and has remained on inactive status since the effective date of that order.

*40 D.B. 00*

(4) In accordance with Rules 208(a)(2) and (3) Pa.R.D.E., it was determined that respondent should re-

ceive two separate informal admonitions as a result of misconduct involving his clients, [A] (file reference no. [   ] and [B] (file reference no. [   ]).

(5) By notice dated January 27, 2000, respondent was directed to appear before Chief Disciplinary Counsel on Wednesday, February 23, 2000, at 11 a.m., at [   ], to receive the informal admonitions.

(6) Chief Disciplinary Counsel's notice further informed respondent that pursuant to Rule 208(a)(6), Pa.R.D.E., respondent had 20 days to demand as of right that a formal proceeding be instituted against him before a Hearing Committee in the appropriate disciplinary district and that in the event of such demand, respondent need not appear for the administration of the informal admonitions.

(7) Chief Disciplinary Counsel's letter was personally served upon respondent on January 20, 2000.

(8) Despite Chief Disciplinary Counsel's notice that respondent had 20 days in which to demand as of right that a formal proceeding be instituted against him before a Hearing Committee, respondent made no such demand that a formal proceeding be instituted.

(9) On February 23, 2000, the date set for the administration of the informal admonitions in the office of the Chief Disciplinary Counsel, respondent failed to appear.

(10) By letter dated March 3, 2000, respondent was directed by Chief Disciplinary Counsel to provide, within 10 days of the date of that letter, "good cause" for his failure to appear for the informal admonitions on February 23, 2000.

(11) Chief Disciplinary Counsel's March 3, 2000 letter was personally served upon respondent on March 3, 2000.

(12) Respondent did not reply to Chief Disciplinary Counsel's letter of March 3, 2000.

## *80 D.B. 00*

(13) On about August 3, 1997, [C] retained respondent to represent him with regard to a possible civil action concerning his wrongful discharge by his employer and to recover amounts owed to him by his employer pursuant to his employment contract.

(14) Respondent had never before represented [C].

(15) Respondent did not communicate to [C], in writing, the basis or rate of the fee which he was charging him, either before he was retained or within a reasonable time after commencing the representation.

(16) From August 3, 1997 through November 10, 1997, [C] paid respondent a total of $1,250 for his services.

(17) Thereafter, despite frequent contacts by [C], respondent took no action of record with regard to the civil action.

(18) By letter to [C] dated January 8, 1998, respondent apologized for failing to "get back" to [C], stating that his messages were "sort of 'buried' on the voice mail," and briefly outlined how he wished to proceed on [C's] behalf. (PE 14; N.T. 43.)

(19) By letter to [C] dated January 26, 1998, respondent apologized for the length of time it was taking "to

complete all of the work in [[C's]] case. . . ." (PE 15; N.T. 43-44.)

(20) From that time until about the spring of 1998, [C] made numerous calls to respondent concerning the status of his legal matter, but respondent failed to return his calls.

(21) In about the spring of 1998, without notice to [C], respondent closed his office.

(22) [C] then retained other counsel, Attorney [D], to represent him with regard to his civil action.

(23) Respondent did not return to [C] the unearned portion of the $1,250 which [C] paid to him for his services.

(24) [C] received reimbursement of the entire amount paid by him to respondent from the Pennsylvania Lawyers Fund for Client Security.

(25) On March, 16, 1999, due to respondent's transfer to inactive status effective December 9, 1998, petitioner filed an application for appointment of conservator pursuant to Rule 321 of the Pennsylvania Rules of Disciplinary Enforcement in the Court of Common Pleas of [ ] County, which was docketed at no. [ ] of 1999, administrative docket.

(26) On March 23, 1999, [E], Esquire, was appointed conservator for respondent's files.

(27) The Disciplinary Board paid a total of $6,325 to Attorney [E] for his services as conservator, and $7,441.54 to the [ ] County Bar Association for expenses incurred by it with regard to the conservatorship.

## III. CONCLUSIONS OF LAW

By his conduct as set forth above, respondent violated the following Rules of Professional Conduct and Rules of Disciplinary Enforcement:

*Petition for Discipline at No. 40 D.B. 00*

(1) Respondent's failure to appear for his informal admonitions on February 23, 2000 was a willful failure to do so and is grounds for discipline pursuant to Rule 203(b)(2), Pa.R.D.E.

(2) Because he did not contest the determination of an informal admonition, respondent is deemed to have violated the following rules of Professional Conduct and Rules of Disciplinary Enforcement:

(a) R.P.C. 1.3—A lawyer shall act with reasonable diligence and promptness in representing a client.

(b) R.P.C. 1.4(a)—A lawyer shall keep a client informed about the status of a matter and promptly comply with reasonable requests for information.

(c) R.P.C. 8.4(d)—It is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice.

(d) Pa.R.D.E. 217(b)—A formerly admitted attorney shall promptly notify all clients who are involved in pending litigation or administrative proceedings and the attorney for each adverse party, of the disbarment, suspension, or transfer to inactive status and consequent inability of the formerly admitted attorney to act as an attorney

after the effective date of the disbarment, suspension or transfer to inactive status.

*Petition for Discipline at No. 80 D.B. 00*

(1) R.P.C. 1.4(a)—A lawyer shall keep a client informed about the status of a matter and promptly comply with reasonable requests for information.

(2) R.P.C. 1.5(b)—When the lawyer has not regularly represented the client, the basis or rate of the fee shall be communicated to the client, in writing, before or within a reasonable time after commencing the representation.

(3) R.P.C. 1.16(d)—Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as refunding any advance payment of fee that has not been earned.

## IV. DISCUSSION

This matter is before the Disciplinary Board on consolidated petitions for discipline. At no. 40 D.B. 00, it was determined in accordance with Rules 208(a)(2)(3), Pa.R.D.E., that respondent, [   ], should receive two separate informal admonitions as a result of misconduct involving two clients.

Respondent, after due notice, was directed to appear before Chief Disciplinary Counsel on February 23, 2000 to receive the informal admonitions. Respondent was informed that he had the right to request formal proceedings in lieu of his appearance for the admonitions. Respondent did not request formal proceedings.

On February 23, 2000, respondent failed to appear as directed. Subsequently, by letter of Chief Disciplinary Counsel dated March 3, 2000, respondent was asked to show good cause for his failure to appear. This letter was personally served on respondent. Respondent did not reply.

In the matter at no. 80 D.B. 00, respondent was retained by [C] in August of 1997 regarding a possible wrongful discharge cause of action. Respondent failed to advise [C] of the basis of his fee at the initial meeting or anytime thereafter. [C] paid $1,250 to respondent for his services by three separate checks.

Respondent contacted [C] by letter on two occasions in January of 1998, after which time [C] heard nothing further from respondent. Without notice to [C], respondent closed his office in the spring of 1998. [C] retained other counsel and eventually was reimbursed $1,250 by the Pennsylvania Lawyers Fund for Client Security.

Prior to these instances of misconduct, respondent had no record of discipline. However, his actions herein clearly demonstrate a complete disregard for the disciplinary system and his law license. Respondent engaged in client misconduct, closed his law office without notice to any of his clients, failed to appear for two informal admonitions and failed to appear for his disciplinary hearing. Respondent has shown no remorse for his misconduct and his actions belie his interest in retaining his license to practice law. By failing to appear at the disciplinary hearing, respondent squandered an opportunity to set forth his side and perhaps to persuade the

board that there was some logical explanation for his conduct. Without any input from respondent, the board is constrained to recommend that respondent be suspended for one year and one day. The board cannot permit respondent to continue practicing law and causing harm to members of the public. This suspension requires that respondent petition for reinstatement before he is allowed to practice, thus ensuring that respondent will have to answer for his conduct at that time if he wishes to practice law in the future.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania recommends that the respondent, [    ], be suspended from the practice of law in the Commonwealth of Pennsylvania for a period of one year and one day.

It is further recommended that the expenses incurred in the investigation and prosecution of this matter are to be paid by the respondent.

## ORDER

And now, November 20, 2001, upon consideration of the report and recommendations of the Disciplinary Board dated September 24, 2001, it is hereby ordered that [respondent] be and he is suspended from the bar of this Commonwealth for a period of one year and one day, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.